## IN THE UNITED STATED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **VENTRON MANAGEMENT, LLC a/a/f** | ) | |
| **LAKESHORE APARTMENTS,** | ) | |
| | ) | **CIVIL ACTION FILE** |
| **Plaintiff,** | ) | **1:07-MI-0238** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **TERELL HANKERSON,** | ) | |
| | ) | |
| **Defendant,** | ) | |

---

## PLAINTIFF'S EMERGENCY MOTION TO REMAND

---

**Submitted by:**     **Fowler, Hein, Cheatwood & Williams, P.A.**
**Attorney for Plaintiff**
**J. Mike Williams**
**State Bar No. 765209**
**2970 Clairmont Road, Suite 220**
**Atlanta, Georgia   30329**
**404-633-5114**

1

## INTRODUCTION

References to the parties in this brief are in accord with the Federal Rules of Civil Procedure.  Ventron Management is referred to as Plaintiff and Terell Hankherson is referred to as the Defendant.

## STATEMENT OF PREFERENCE

This case is entitled to preference in processing or disposition.

## LOCAL RULE 7.1(D) CERTIFICATION

The undersigned counsel for Ventron Management, LLC a/a/f Lakeshore Apartments hereby certifies that the foregoing has been prepared in accordance with one of the font (Times Roman) and point selections (14 pt) approved by the Court in Local Rule 5.1(b) and (c).

**IN THE UNITED STATED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **VENTRON MANAGEMENT, LLC a/a/f** | ) | |
| **LAKESHORE APARTMENTS,** | ) | |
| | ) | **CIVIL ACTION FILE** |
| **Plaintiff,** | ) | **1:07-MI-0238** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **TERELL HANKERSON,** | ) | |
| | ) | |
| **Defendant,** | ) | |

**PLAINTIFF'S EMERGENCY MOTION TO REMAND**

COMES NOW the Plaintiff, Ventron Management, LLC a/a/f Lakeshore Apartments  and moves this Court to remand this action back to the State Court of DeKalb County, State of Georgia, upon the following grounds:

**1.**

Plaintiff filed a Summary Dispossessory Proceeding pursuant to O.C.G.A. § 44-7-50, et seq. in the State Court of DeKalb County, State of Georgia, against the Defendant, Terell Hankerson,  seeking possession of the premises based upon the Defendant's failure to pay July, 2007 rent pursuant to the terms of a residential lease agreement.

**2.**

On or about July 17, 2007, a dispossessory action was filed and the Defendant was served on July 19, 2007.

3

**3.**

On July 26, 2007, the Defendant Terell Hankerson filed an answer, stating that the Defendant has a justifiable means to default without explanation.

**4.**

A court date was set for August 6, 2007 at 9:00 a.m. in Courtroom 1200C of the DeKalb County Courthouse, located at 556 N. McDonough Street in Decatur, Georgia 30030.

**5.**

On the morning of August 6th, the same date the case was scheduled for trial, the Defendant filed this improper Notice of Removal and the case was stayed in the State Court of DeKalb County.

**6.**

The filing of the notice of removal is frivolous and filed solely to delay the landlord from obtaining possession of the premises.

**7.**

The Plaintiff's motion to remand should be granted, and attorney's fees of $855.00 should be imposed upon Defendant for filing this improper and frivolous removal.

This 17th day of August, 2007.

/s/   J. Mike Williams
J. Mike Williams
Attorney for Plaintiff

2970 Clairmont Road
Park Central, Suite 220
Atlanta, Georgia 30329
404-633-5114

**IN THE UNITED STATED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **VENTRON MANAGEMENT, LLC a/a/f** | ) | |
| **LAKESHORE APARTMENTS,** | ) | |
| | ) | **CIVIL ACTION FILE** |
| **Plaintiff,** | ) | **1:07-MI-0238** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **TERELL HANKERSON,** | ) | |
| | ) | |
| **Defendant,** | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFF'S EMERGENCY MOTION TO REMAND**

**I.   INTRODUCTION AND STATEMENT OF FACTS**

The Defendant executed a lease agreement with Plaintiff at a monthly rental rate of $634.00 per month.  In July, 2007, the Defendant failed to pay his rent on or before the date it was due and a dispossessory action commenced in the State Court of DeKalb County.  Attached hereto and marked as Plaintiff's Exhibit No. 1 is a true and accurate copy of the dispossessory warrant, summons and marshal's entry of service.  The Defendant was served with the dispossessory action via tack and mail service on July 19th, as evidenced by Plaintiff's Exhibit No. 1.

5

On July 26, 2007, the Defendant filed an answer which simply states that "the Defendant has a justifiable means to the default".  Attached hereto and marked as Plaintiff's Exhibit No. 2 is a true and accurate copy of the Answer filed by the Defendant.  A trial was scheduled for Monday, August 6, 2007 at 9:00 a.m. at the DeKalb County Courthouse.  On the same date that the case was scheduled for trial, the Defendant filed this improper notice of removal.  No where in the answer and counterclaim does the Defendant state that there is any federal question or diversity action subject to the jurisdiction of Federal Court.  The notice of removal was filed in an attempt to delay the Plaintiff's right to obtain possession of the premises.

## II.   ARGUMENT AND CITATION OF AUTHORITY

### A.   The Federal Court Lacks Jurisdiction.

**1.**

### THE STATE COURT HAS JURISDICTION OVER DISPOSSESSORY CASES

Under O.C.G.A. § 44-7-50, the State of Georgia has jurisdiction over the initiation and trial of dispossessory actions filed against tenants who fail to pay their rent when due, hold over beyond the term of their lease, and are deemed to be tenants at sufferance.  There is no Federal Summary Eviction

Procedure provided in the Federal Rules of procedure or in  any other statute

governing procedure in a federal court.  Therefore, the Plaintiff could not

have filed a Summary Dispossessory Action against Defendant for recovery

for possession of the premises in a Federal Court for lack of subject matter

jurisdiction and the removal was improper.

**2.**

**This Court Lacks Jurisdiction Due to a Lack of Diversity of Citizenship or Federal Question.**

Removal of a state action to federal court is proper only if the action

could have been originally filed in federal court because of the existence of

either diversity jurisdiction or a federal question.  28 U.S.C. A. 1446(b);

Caterpillar v. Williams, 482 U.S. 386, 391-392, 96 L. Ed. 2nd  318,  (107 S. Ct.

2425 1987).  The "well-pleaded complaint" rule requires the basis for federal

jurisdiction appear on the face of the complaint.  Franchise Tax Board v.

Construction Laborers Vacation Trust, 463 U.S. 1, 9-10, 77 L. Ed. 2nd  420,

103 S. Ct. 2841 (1983); See also D. Ronnie Brand, et al. v. Robins Federal

Credit Union and Edward Levins, 969 F. Supp. 778 (M.D. Georgia 1997).

The removing defendant has the burden of proving the existence of federal

jurisdiction.  Tapscott v. MS Dealer Service Corp., 77 F. 3d 1353, 1356 (11th

Cir. 1996)

      A.    <u>Diversity Jurisdiction</u>

     For there to be diversity-based jurisdiction, the defendant must show that there is diversity of citizenship and that the amount in controversy more likely than not exceeds the $75,000 jurisdictional requirement.  <u>Id.</u> at 1357.

     In the case at bar, both Plaintiff and Defendant are Georgia residents. Additionally, neither the original pleadings nor Defendant's Notice of Removal alleges $75,000.00 worth of damages.  The Plaintiff filed their dispossessory warrant seeking possession of the premises for non-payment of rent for the month of July, 2007, and the answer filed by the Defendant's does not assert a counterclaim.  Accordingly, the Defendant has failed to show diversity of citizenship due to the fact that the Plaintiff and Defendant are Georgia residents and the amount in controversy does not exceed $75,000.00.

    B.  <u>Lack of Federal Question</u>

     Furthermore, there is no legitimate federal question presented in Defendant's Notice of Removal.  The Defendant alleges violation of the Uniform Commercial Code which is inapplicable in a dispossessory proceeding or a matter involving a residential rental agreement.  In addition, the Defendant alleges a violation of the Fair Debt Collection Practice Act

which is inapplicable to the actual creditor who attempts to collect their own debt.  See 15 U.S.C. § 1692(e).  The FDCPA does not apply to the creditor for filing the actual pleadings themselves which are authorized under O.C.G.A. § 44-7-50.  The creditor or landlord filed the dispossessory action.  Therefore, the FDCPA does not apply to them as they are not a "collector".  Moreover, the answer itself does not raise any issues of federal question or diversity, as it simply states that the Defendant has a justifiable means to default.  In the notice of removal, the Defendant's only accusations involves the Uniform Commercial Code and the Fair Debt Collect Practices Act, both of which are inapplicable in the State Court dispossessory proceeding.

Mr. Hankerson has been provided his constitutional rights of due process, i.e. notice and an opportunity heard.

28 U. S. C. § 144 provides that "civil actions commenced in state court may be removed (1) against any person who is denied or cannot enforce in the courts of such a state a right under any law providing for the equal civil right of citizens of the United States; or (2) for any act under color of authority derived from any law providing for equal rights . . . ."     O.C.G.A., § 44-7-1 *et seq.* is not discriminatory, or has been followed pursuant to Georgia law, and at no time has the Plaintiff discriminated against the Defendant in any

way.  There is no real federal question to be heard by this court and the matter should be remanded back to the State Court for disposition.

In  Zorn v. Union Guano Co., the Georgia Supreme Court held that "the due process clause, and Art. I, Sec., Par. IV (Code Ann. Sec. 2-104) of the Constitution of Georgia (providing that "No person shall be deprived of the right to prosecute or defend his own cause in any of the courts of this State, in person, by attorney, or both") do not guarantee to the citizens of the State any particular form or method of the State procedure.  206 Ga. 181, 182 (1949). The court goes on to state that "its requirements are satisfied if he has reasonable notice and opportunity to be heard, and to present his claim or defense, . . . ."  Further, the Georgia Supreme Court in State of Georgia v. Sanks, 225 Ga. 88 (1969) upheld the dispossessory laws as not subject to further challenge.

B.    Courts Should Strictly Construe Removal Statutes in Favor of State Court Jurisdiction

The Eleventh Circuit has held that the removal statute is construed narrowly and that any uncertainties must be resolved in favor of remand. Burns v. Windsor Ins. Co., 31 F. 3d 1092 (11th Cir.  1994).  Courts should "strictly construe removal statutes in favor of state court jurisdiction."  Kuhn

**v.  Brunswick Corp.,** 871 F. Supp.  1444, 1446 (N.D. Ga.  1994).  **Removal**

**statutes are to be read narrowly to "comply with congressional intention to**

**restrict removal, and, therefore, doubts about the propriety of removal**

**should be resolved against removal."  Fromknecht v. Brayson Devel. Corp.,**

**734 F.  Supp.  508, 59 (N.D. Ga.  1990); Accord Viacom, Inc.  v.  Zebe,** 882 F.

**Supp.  1063, 1064 (S.D. Fla.  1995) (removal procedures are strictly construed**

**because of limited removal jurisdiction); Rogers v.  Rucker,** 835 F.  Supp.

**1410, 1411 (N.D. Ga.  1993).**

**Clearly, the Defendant cannot carry his burden of showing that the**

**removal was proper.  Not only does he fail to allege a real federal question as**

**the Uniform Commercial Code does not apply to residential lease agreements**

**or the filing of a dispossessory proceeding and the Fair Debt Collection**

**Practices Act does not apply to the actual creditor themselves and most**

**certainly does not apply to the actual creditor in the filing of pleadings in a**

**dispossessory proceeding as required by O.C.G.A. § 44-7-50, et seq.  The facts**

**are simple and undisputed and the law is clear that the federal court does not**

**have jurisdiction over dispossessory matters when there is no diversity or a**

**meritorious federal question presented.  The Defendant, through his**

**improper removal, is attempting to delay the Plaintiff's right to obtain**

11

possession of the premises.

**C.**     <u>The Doctrine of Abstention Dictates Demand</u>

Because there is no provision in the Federal Rules of Civil Procedure or other statute for a summary eviction proceeding in federal court, the federal court has no original jurisdiction of this matter and 28 U.S.C. Section 1441(a) and (b) do not apply.  Even if 28 U.S.C. Section 1441(c) were applicable, the court in its discretion may remand all matters to the state court in which State law predominates.

A dispossessory proceeding is a summary proceeding that provides a landlord an opportunity to recover possession of premises that are being wrongfully withheld by a tenant in an expeditious manner.  The trials of dispossessory actions are to be expedited as a matter of law, O.C.G.A. § 44-7-53(b) and, if the issue of right of possession cannot be determined within two (2) weeks from the date of service of the dispossessory action, the tenant shall be required to pay rent into the registry of the court pursuant to O.C.G.A. § 44-7-54(a).  There is no authorization in a federal court for the summary disposition of a dispossessory action as there is in the state court.

"Where state court adjudication of a dispute based upon predominately local factors is available to the parties, intervention of a federal court is not

necessary, particularly when no federal right is at risk.  **Alabama Public
Service Commission vs. Southern Railway Company**, 341 U.S. 341, 349, 71
S.Court. 762, 768, 95 L.ed. 1002 (1951).  It is in the local forum that matters
such as landlord/tenant problems are best litigated.  See **Tonwal Realties, Inc.
vs. Beame**, 406 F.Supp. 363 (S.D.N.Y. 1976)."  **Glen 6 Associates, Inc. vs. Gjon
Dedaj and Julie Dedaj**, supra.

D.    **Plaintiff should be awarded Its Costs and Actual
       Expenses, including Attorney's Fees.**

Pursuant to 28 U.S.C. § 1447(c), Plaintiff has moved for its costs and
actual expenses, including attorney's fees, incurred in responding to
Defendant's improper removal.  Neither bad faith nor "improvident"
removal is required to be shown before a court can award costs and fees for
an improper removal.  **Moore v. Permanente Medical Group, Inc.**, 981 F. 2d
443 (9th Cir. 1992).

Indeed, after the 1988 amendment to § 1447(c), the only requirement is
that the case be remanded and the costs and expenses be incurred as a result
of the removal.  See 28 U.S.C. § 1447(c).  The purpose for such an order is not
to punish the Defendant for an improper removal, but to compensate Plaintiff
for the cost, time, and expense of obtaining the remand order where the

13

removal was improper.  <u>Liebig</u>, 814 F.  Supp.  At 1077.  Whether to award fees is within the discretion of the Court.  <u>Id.</u>

Plaintiff asks the Court to compensate it for the costs and expenses incurred in moving to remand the case back to the State Court due to the Defendant's improperly removing this action solely for the purpose of delaying the landlord's right to obtain possession.  The Plaintiff asks this court to compensate it for the costs and expenses incurred in moving to remove the case back to the State Court due to the Defendant's improper removal of this action solely for the purpose of circumventing the order granting a writ of possession.

### III.

### <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff requests the Court to grant its Motion to Remand this case to the State Court of DeKalb  County and to award Plaintiff $855.00 in attorney's fees for its costs and actual expenses incurred in connection with the improper removal of this action.

This 17th day of August, 2007.

**(Signature to follow on next page.)**

14

**/s/   J. Mike Williams**
**J. Mike Williams**
**State Bar No. 765209**
**Attorney for Plaintiff**

**Fowler, Hein, Cheatwood & Williams, P.A.**
**2970 Clairmont Road, Suite 220, Park Central**
**Atlanta, GA 30329**
**404/633-5114**

## IN THE UNITED STATED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **VENTRON MANAGEMENT, LLC a/a/f** | ) | |
| **LAKESHORE APARTMENTS,** | ) | |
| | ) | **CIVIL ACTION FILE** |
| **Plaintiff,** | ) | **1:07-MI-0238** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **TERELL HANKERSON,** | ) | |
| | ) | |
| **Defendant,** | ) | |

### AFFIDAVIT OF J. MIKE WILLIAMS
### ATTORNEY FOR PLAINTIFF

**Personally appeared before me, the undersigned subscribing officer, duly authorized to administer oaths, J. Mike Williams, who after being duly sworn, deposed and stated that the following is true and correct and based upon her personal knowledge to which she could and would competently testify if called upon to do so as follows:**

**1.**

**I am of legal age and a resident of the State of Georgia.**

**2.**

**I am duly licensed to practice law in the State of Georgia.**

**3.**

**I was served with a Notice of Removal To Federal Court at the trial of the above-referenced action in the State Court of DeKalb County on August**

16

6, 2007.

4.

I have spent approximately 3.8 hours worth of time in reviewing the pleadings, researching the issues and preparing a motion to remand the case back to the State Court, reviewing the draft of the motion and filing the final draft.

6.

My hourly rate is $225.00 per hour which is a reasonable and customary rate in the metropolitan Atlanta area.

7.

I anticipate spending approximate two (2) additional hours preparing for a hearing and appearing before the court on Plaintiff's Emergency Motion To Remand.  The total amount sought in attorney's fees is 855.00 plus any additional time preparing and attending a hearing, if necessary.

FURTHER AFFIANT SAYETH NOT.

AFFIANT

/s/   J. Mike Williams
J. Mike Williams
State Bar No. 765209
Attorney for Plaintiff
2970 Clairmont Road, Suite 220
Atlanta, Georgia   30329
404-633-5114

Sworn to and subscribed before me
this 9th day of June,  2007.
/s/ Donna G. Bates
Notary Public
My Commission Expires on:
December 7, 2006

17

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served a copy of the within and foregoing pleading upon the opposing party by placing a copy of same in the United States mail with sufficient postage affixed thereon to insure delivery to:

> Terell Hankerson
> 1281 Brockett Road, 32F
> Clarkston, Georgia 30021

This 17th day of August, 2007.

/s/   J. Mike Williams
J. Mike Williams
Attorney for Plaintiff

L:\2MIKE\LITIGATE\MOTIONS\lakeshore-hankerson.wpd

18